UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOANNA P. MATTSON, on behalf of herself and all others similarly situated,

   Plaintiff,

v.

MILLIMAN, INC., et al.,

   Defendants.

C22-37 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion to dismiss, docket no. 34, is DENIED in part and GRANTED in part, as follows:

   (a) Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing is DENIED. Plaintiff Joanna P. Mattson has standing even though she invested in only one of the three funds at issue. See Tobias v. Nvidia Corp., No. 20-CV-6081, 2021 WL 4148706, at *7 (N.D. Cal. Sept. 13, 2021). Whether Mattson's claims are typical of the claims of putative class members who invested in the other two funds at issue is more appropriately addressed in connection with class certification. See Melendres v. Arpaio, 784 F.3d 1254, 1261–64 (9th Cir. 2015).[1]

---

[1] Contrary to defendants' contention, Thole v. U.S. Bank N.A., 140 S. Ct. 1615 (2020), did not affect the binding nature of Melendres. In Melendres, the Ninth Circuit clarified that, if a named

MINUTE ORDER - 1

       (b)     Defendants' motion to dismiss Mattson's claims against "The Milliman Investment Committee," "The Milliman Administrative Committee," and any members of such committees is GRANTED.  Mattson concedes that no entity known as "The Milliman Administrative Committee" exists.  *See* Resp. at 22 (docket no. 38).  According to defendants, Mattson has also incorrectly referred to the administrator of the Milliman Profit Sharing and Retirement Plan (the "Plan"), namely Milliman, Inc. U.S. Retirement Committee, as the "Investment Committee."  *See* Mot. at 24 n.14 (docket no. 34) (citing Compl. at ¶ 20 (docket no. 1)).  Mattson's claims against "The Milliman Investment Committee," "The Milliman Administrative Committee," and their members are DISMISSED.

       (c)     Defendants' motion to dismiss Mattson's claims for breach of the duty of prudence and failure to monitor is GRANTED, and such claims are DISMISSED without prejudice and with leave to amend.  Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), a fiduciary can be held liable for breaching its duty of prudence if it fails to monitor and remove imprudent investment options.  *See* *Davis v. Wash. Univ. in St. Louis*, 960 F.3d 478, 484 (8th Cir. 2020).  Poor performance of an investment, standing alone, does not create a reasonable inference that an ERISA fiduciary failed to conduct an adequate investigation; some other indicia of imprudence is required.  *Anderson v. Intel Corp. Inv. Policy Comm.*, No. 19-CV-4618,  --- F. Supp. 3d ---, 2022 WL 74002, at *8 (N.D. Cal. Jan. 8, 2022).  A complaint challenging specific investments (as opposed to the fees associated with investments) must provide "a meaningful benchmark" that provides "a sound basis for comparison."  *Davis*, 960 F.3d at 484.  A "meaningful benchmark" must have "similar aims, risks, and potential rewards" to the challenged fund.  *See Anderson*, 2022 WL 74002, at *9.  In challenging the three funds at issue (the Unified Trust Wealth Preservation Strategy Target *Growth* Fund, the Unified Trust Wealth Preservation Strategy Target *Moderate* Fund, and the Unified Trust Wealth Preservation Strategy Target *Conservative* Fund), Mattson uses the following benchmarks:  (i) Morningstar Target Risk Indices (Allocation 85%+, 70–85%, or 50–75% Equity); and (ii) certain "Comparator Funds."  *See* Compl. at ¶¶ 51–70 & 88–105 (docket no. 1).  Mattson has not, however, pleaded the necessary details about these

---

plaintiff demonstrates individual standing to bring a claim, the standing inquiry is concluded, and any dissimilarity in injury between the named plaintiff and putative class members is "relevant only to class certification, not to standing."  *Id.* at 1262.  *Thole* did not involve any distinction between the claims of a named plaintiff and those of putative class members.  Rather, in *Thole*, the Supreme Court concluded that the plaintiffs (and presumably all others similarly situated), who were participants in a defined-benefit plan, lacked standing (had "no concrete stake" in the action) because they would receive the same monthly benefits regardless of whether they won or lost the lawsuit.  140 S. Ct. at 1619.

MINUTE ORDER - 2

alleged benchmarks, the basis for choosing the Comparator Funds over other alternatives, and/or the "aims, risks, and potential rewards" associated with individual funds grouped within the three Morningstar indices or with any of the Comparator Funds. In response to the motion to dismiss, Mattson indicates that the Plan's Fee Disclosure Notice includes a table citing to certain Dow Jones indices ("DJ US Moderate TR USD" and "DJ US Aggressive TR USD") as the "appropriate benchmark[s] for the same time periods," see Ex. 1 to Field Decl. (docket no. 39 at 7), but the complaint contains no allegations relating to these indices, the "aims, risks, and potential rewards" of the funds within them,[2] or the factual and/or legal significance of the Plan's reference to them. To be clear, the Court is not ruling that Mattson must offer either customized benchmarks or benchmarks described as "managed volatility" as opposed to "target risk" indices or funds; rather, Mattson must simply allege sufficient information with respect to her proposed benchmarks to establish an "apples-to-apples" comparison and, thus, a "plausible" lack-of-prudence claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Mattson has conceded that her "monitoring" claim is premised on her "prudence" claim, see Resp. at 19 (docket no. 38), and she will be permitted to replead both claims.

      (d)    Defendants' motion to dismiss Mattson's claim for breach of loyalty is DENIED. The duty of loyalty prohibits ERISA fiduciaries from "engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between . . . fiduciary duties and personal interests." See Johnson v. Providence Health & Servs., No. C17-1779, 2018 WL 1427421, at *8 (W.D. Wash. Mar. 22, 2018). Mattson has alleged that defendants were "motivated" to maintain the challenged Unified Funds as investment options "in whole or in part by Milliman Financial Risk Management LLC's continuing role as sub-adviser for the Unified Funds' $250 million in assets." Compl. at ¶ 120(d) (docket no. 1). Defendants counter that Milliman Financial Risk Management LLC waived its fees with regard to the Plan's investments in the funds at issue. See Mot. at 22 (docket no. 34). Defendants raise a defense more appropriately asserted in a motion for summary judgment or at trial, not in a Rule 12(b)(6) motion. Mattson's "breach of loyalty" claim is adequately pleaded.

---

[2] The "aggressive" Dow Jones index is mentioned in the Plan's Fee Disclosure Notice for both the Unified Trust Wealth Preservation Strategy Target *Growth* and the Unified Trust Wealth Preservation Strategy Target *Moderate* Funds, which have different aims, risks, and potential rewards. See Ex. 2 to Field Decl. (docket no. 39 at 15 & 17) (the Moderate fund "seeks to target a volatility level of 10%," while the Growth fund "seeks to target a volatility level of 12%"). Absent additional information, the "aggressive" Dow Jones index would appear to be an inappropriate comparator for at least one of the funds at issue.

MINUTE ORDER - 3

(2) Any amended complaint shall be filed and served by August 15, 2022. Any responsive pleading or motion by a defendant shall be filed within twenty-one (21) days after the amended complaint is filed or served on such defendant, whichever occurs later. In light of the rulings set forth in this Minute Order, the Court declines to enter a scheduling order at this time.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of June, 2022.

Ravi Subramanian  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 4