UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOANNA P. MATTSON, on behalf of herself and all others similarly situated,

  Plaintiff,

  v.

MILLIMAN, INC., et al.,

  Defendants.

C22-0037 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's motion to certify class, appoint a class representative, and appoint class counsel, docket no. 86. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

Plaintiff Joanna P. Mattson alleges claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants Milliman, Inc. ("Milliman") and its Board of Directors, as well as its Investment and Retirement committees and the members of those committees, for their purported breach of their fiduciary duties

ORDER - 1

regarding the Milliman, Inc. Profit Sharing and Retirement Plan ("the Plan"). Am. Compl. at ¶¶ 1–2, 16 (docket no. 44). Specifically, Plaintiff claims that Defendants failed to properly monitor the Plan and failed to remove the following three allegedly underperforming target risk funds from the Plan: the Unified Trust Wealth Preservation Strategy Target Growth Fund, the Unified Trust Wealth Preservation Strategy Target Moderate Fund ("the Unified Moderate Fund"), and the Unified Trust Wealth Preservation Strategy Target Conservative Fund (collectively, "the Unified Funds"). *Id.* at ¶¶ 2–3, 9–11, 217–33.

Plaintiff is a former employee of Milliman. Mattson Decl. at ¶ 3 (docket no 83). She was invested in the Unified Moderate Fund during the relevant period. *Id.* At least 380 proposed class members who were or are invested in the Unified Funds have signed a Dispute Resolution Agreement ("the DRA"), but Plaintiff is not among them. Resp. at 2 & 7 (docket no. 91). The DRA applies to "any controversy, dispute, or claim that could otherwise be raised in court," between an employee and Milliman, including, *inter alia*, "claims for violation of any federal … law." DRA § II, Ex. A to Prame Decl. (docket no. 92-1). Further, the DRA contains a collective action waiver and assigns the determination of a claim's arbitrability to the arbitrator. *Id.* at §§ III & IV.

Plaintiff purports to bring this action on behalf of herself and others similarly situated to recover for the Plan any losses it sustained as a result of Defendants' breach of their fiduciary duties. Am. Compl. at ¶ 16. Pursuant to Federal Rule of Civil Procedure 23(c), Plaintiff now moves the Court to certify a class defined as follows: "All participants and beneficiaries of the Plan who invested in any of the Unified Funds from

ORDER - 2

January 13, 2016, through the date of judgment, excluding the Milliman Defendants, any of their directors, and any officers or employees of the Milliman Defendants with responsibility for the Plan's investment or administrative function." Mot. at 6 (docket no. 86 at 14).

**Discussion**

**A.    Rule 23 Requirements**

Rule 23 operates as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)).  To maintain a class action, the prerequisites of numerosity, commonality, typicality, and adequacy must be satisfied.  Fed. R. Civ. P. 23(a).  Additionally, a class action must satisfy one of the provisions of Rule 23(b).  *See Comcast*, 569 U.S. at 33.  The party seeking certification bears the burden of establishing by a preponderance of the evidence that these requirements have been met.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *see Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664–65 (9th Cir. 2022).  Defendants have stipulated that numerosity, commonality, and the Rule 23(b)(1) requirements are satisfied for purposes of this lawsuit.  Resp. at 3.  Accordingly, the Court considers only whether Plaintiff satisfies the typicality and adequacy prerequisites.

**B.    Plaintiff Satisfies Rule 23's Requirements**

Defendants raise a "singular objection" to class certification.  Resp. at 7.  They submit that having unnamed class members in the proposed class who are party to the

ORDER - 3

DRA, when Plaintiff is not, defeats Rule 23's typicality and adequacy requirements under Ninth Circuit precedent and a prior decision of this District. The parties' dispute revolves around whether *Munro v. University of Southern California*, 896 F.3d 1088 (9th Cir. 2018), applies to this case.

### 1. *Munro* Controls

In *Munro*, the plaintiffs alleged various breaches of fiduciary duties in the administration of their retirement benefit plans. *Id.* at 1090. They sought financial and equitable remedies on behalf of the benefit plans and a putative class of plan participants and beneficiaries. *Id.* As part of their employment contract with the defendants, each of the nine named plaintiffs signed one of five iterations of an arbitration agreement. *Id.* The defendants moved to compel arbitration on an individual basis, arguing that the plaintiffs' employment contracts barred them from filing the putative class action. *Id.* at 1090–91. The district court denied the motion to compel arbitration, reasoning that the plaintiffs entered into the arbitration agreements in their individual capacities and not on behalf of the benefit plans. *Id.* at 1091. Consequently, the benefit plans were not party to the arbitration agreements. The *Munro* Court affirmed. It reasoned that, because the benefit plans were the entities that would benefit from any recovery, the asserted claims ultimately belonged to the benefit plans and not any individual plaintiffs. *Id.* at 1092–94. Therefore, the asserted claims fell "outside the scope of the arbitration clauses in individual Employees' general employment contracts." *Id.* at 1094.

The instant case is analogous to *Munro*. Here, like the plaintiffs in *Munro*, Plaintiff is attempting to proceed in a representative capacity under 29 U.S.C. § 1132.

ORDER - 4

Mot. at 9; *see Munro*, 896 F.3d at 1091.  Further, she is not pursuing a recovery for herself but rather seeks recovery on behalf of and for the plan.  Mot. at 1.  Notwithstanding *Munro*'s holding, Defendants argue that the existence of the DRA defeats typicality in this case.  They do so, however, only through the DRA's applicability to unnamed class members in their individual capacities.  Although the DRA contains broad language as to what claims are covered, so too did the arbitration agreement at issue in *Munro*.  Here, as in *Munro*, the question is not whether class members who entered into the DRA with Milliman in their individual capacities are bound by the DRA.  Rather, because the claims at issue belong to the Plan, the inquiry is whether the Plan is in any way bound by the DRA.  The Plan is not party to the DRA, [1] and Defendants have made no showing that the Plan is in some way bound by the DRA. [2]  In light of *Munro*'s holding that a plan member who is party to an employment arbitration agreement cannot be forced to arbitrate claims brought on behalf of a plan, the Court must conclude that the presence of unnamed class members who are parties to employment arbitration agreements cannot defeat Rule 23's typicality requirement.  The DRA simply does not create a situation "where a putative class representative is subject

---

[1] To the extent Defendants discuss any alternative dispute resolution agreement to which the Plan is party, they acknowledge that such agreement does not apply to claims for breach of fiduciary duties.  Resp. at 6 n.2.

[2] Because the claims at issue belong to the Plan, and the Plan is not party to the DRA, the clause in the DRA delegating arbitrability to the arbitrator has no relevance.  *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. ---, 142 S. Ct. 1906, 1918 (2022) (noting that a non-consenting party cannot be compelled to arbitration); *Lamps Plus, Inc. v. Varela*, 587 U.S. ---, 139 S. Ct. 1407, 1415–17 (2019) (noting that consent to arbitration is contractual and that silence or ambiguity do not create a sufficient basis to infer consent).

ORDER - 5

to unique defenses which threaten to become the focus of the litigation." *Hanon v. Dataproducts. Corp.*, 976 F.2d 497, 508 (1992).

### 2. Defendants' Cases are Distinguishable

Notwithstanding *Munro*, Defendants argue that various other cases preclude Plaintiff from satisfying the typicality and adequacy requirements.

#### a. Ninth Circuit Cases are Distinguishable

Defendants cite *Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021), *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087 (9th Cir. 2018), and *Avilez v. Pinkerton Government Services, Inc.*, 596 F. App'x 579 (9th Cir. 2015), as support for the proposition that the presence of the DRA defeats typicality. These cases are, however, distinguishable. Although the Ninth Circuit found, in each of these matters, that typicality was defeated because, unlike most of the putative class members, the proposed class representatives were not parties to arbitration agreements or had not signed class action waivers, *Lawson*, 13 F.4th at 913; *O'Connor*, 904 F.3d at 1094; *Avilez*, 596 F. App'x at 579, the claims at issue were not brought under ERISA, but instead arose directly out of the plaintiffs' and class members' employment relationships with the defendants, *Lawson*, 13 F.4th at 911 (claims under California Labor Code); *O'Connor*, 904 F.3d at 1091 (same); *Avilez*, 596 F. App'x at 579 (same). In other words, in *Lawson*, *O'Connor*, and *Avilez*, the claims belonged to the proposed class representatives and class members as individuals. In contrast, in this case, Plaintiff's claims do not arise directly out of her employment relationship with Milliman. Rather, the claims arise out of her status as a plan participant and Defendants' roles as plan fiduciaries. As in *Munro*, the

ORDER - 6

Plan is the entity that will benefit from any recovery and the claims ultimately belong to the Plan. Defendants' reliance on *Lawson*, *O'Connor*, and *Avilez* is misplaced.

### b.     *Renton* **is Also Distinguishable**

Defendants argue that the Court should follow *Renton v. Kaiser Foundation Health Plan, Inc.*, No. C00-5370, 2001 WL 1218773 (W.D. Wash. Oct. 30, 2014), and find that Plaintiff is neither typical nor adequate. *Renton* is distinguishable from this case. In *Renton*, the proposed class representative failed to satisfy multiple Rule 23 requirements, including typicality. *Id.* at *2–9. The *Renton* Court reached its lack of typicality conclusion because of multiple factual differences between the proposed class representative's benefits plan and the proposed class members' benefits plans. *Id.* at *6–7.

Although one of the differences involved the absence or presence of arbitration provisions, this fact does not change *Renton*'s lack of persuasiveness. In *Renton*, the proposed class members were subject to an arbitration agreement under the benefit plan itself. *Id.* at *7. Here, by contrast, the DRA is within the unnamed class members' employment agreements with Milliman, and is not part of the Plan itself. *Renton* is not on point.

### 3.     **Plaintiff's Claims are Typical and She is an Adequate Representative**

Although Defendants have attempted but failed to show that Plaintiff is an atypical or inadequate representative, the burden remains on Plaintiff to "affirmatively demonstrate" that she satisfies Rule 23's requirements. *Dukes*, 564 U.S. at 350. Certification is appropriate only if this Court is convinced after a "rigorous analysis" that

ORDER - 7

Rule 23's requirements have been met. *Id.* at 350–51.  Defendants have stipulated that numerosity, commonality, and Rule 23(b)(1)'s requirements are satisfied in this case, and they have not raised any substantive objections to typicality and adequacy beyond the failed argument discussed above.  The Court will, therefore, briefly review Plaintiff's submissions to ensure that typicality and adequacy are satisfied here.

Typicality is satisfied when "the claims or defenses of the representative party are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A representative plaintiff is adequate if able to "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Commonality, typicality, and adequacy contain overlapping considerations and tend to merge into one another.  *Dukes*, 564 U.S. at 349 n.5.

The Court finds that Plaintiff satisfies Rule 23's typicality requirement.  Plaintiff contends that she and the unnamed class members experienced harm to their investments in the Unified Funds arising from Defendants alleged breaches of their fiduciary duties.  Although Plaintiff and the unnamed class members might have each suffered different degrees of harm from Defendants' alleged breaches, the allegation that the harms arose from the same set of policies and practices satisfies typicality.  *See Des Roche v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 503–04 (N.D. Cal. 2017).  Additionally, because Plaintiff alleges misconduct that affects all of the Unified Funds in the same way, the fact that a class member might have invested in any combination of the Unified Funds does not defeat typicality.  *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-06213, 2011 WL 3505264, at *10–11 (C.D. Cal. Mar. 29, 2011) (collecting cases); *see also Boley v. Univ. Health Servs. Inc.*, 36 F.4th 124, 134 (3d Cir. 2022) (finding typicality satisfied in a

case involving multiple investment funds because "[e]ach participant's potential recovery, regardless of the fund in which he or she invested, is under the same legal theory").

The Court further concludes that Plaintiff meets Rule 23(a)(4)'s test for adequacy. Plaintiff was invested in one of the Unified Funds and is attempting to enforce, on behalf of the Plan's Unified Fund investors, fiduciary duties owed to the Plan. She and the putative class members have equal interests in recovering on the claims. Having reviewed Plaintiff's declaration and the submissions of Plaintiff's counsel, the Court is satisfied that Plaintiff and her counsel do not have any conflicts of interest with unnamed class members and "will prosecute the action vigorously on behalf of the class." *Kazda v. Aetna Life Ins. Co.*, No. 19-CV-02512, 2022 WL 1225032, at *5 (N.D. Cal. Apr. 26, 2022) (internal quotation omitted).

## Conclusion

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion to certify class, appoint a class representative, and appoint class counsel, docket no. 86, is GRANTED. The Court hereby CERTIFIES the following Class pursuant to Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of the Milliman, Inc. Profit Sharing and Retirement Plan ("the Plan") who invested in any of the following funds: the Unified Trust Wealth Preservation Strategy Target Growth Fund, the Unified Trust Wealth Preservation Strategy Target Moderate Fund, and/or the Unified Trust Wealth Preservation Strategy Target Conservative Fund, during the period from January 13, 2016, through the date of this Order, but excluding Defendants Milliman, Inc. ("Milliman"), The Milliman Investment Committee, the Milliman, Inc. U.S. Retirement Committee (collectively, "the Milliman Defendants"), and any of their directors or

members, and any officers or employees of the Milliman Defendants with responsibility for the Plan's investment or administrative function.

(2) Plaintiff Joanna P. Mattson is appointed as class representative. David Sanford and Kate Mueting of Sanford Heisler Sharp, LLP,[3] are APPOINTED as Class Counsel, with Paul R. Taylor of Byrnes Keller Cromwell LLP serving as Local Counsel.

(3) The parties are ORDERED to submit a joint status report within twenty-one (21) days of the entry of this Order regarding whether this Court should direct notice to the Class pursuant to Rule 23(c)(2)(A), and if so, what form of notice and manner of service would be appropriate.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of October, 2023.

Thomas S. Zilly
United States District Judge

---

[3] Plaintiff proposes to appoint as Class Counsel six different attorneys from the same law firm, four of whom are not described with any particularity in Plaintiff's motion. In light of this weak showing, the Court declines to appoint so many lawyers as Class Counsel in this matter. *See Beltran v. Olam Spices & Vegetables, Inc.*, No. 1:18-cv-1676, 2021 WL 1105246, at *6 (E.D. Cal. Mar. 23, 2021).

ORDER - 10