UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOANNA P. MATTSON, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MILLIMAN, INC.,<br><br>  Defendant. | C22-0037 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) On October 6, 2023, the Court certified the following class pursuant to Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of the Milliman, Inc. Profit Sharing and Retirement Plan ("the Plan") who invested in any of the following funds: the Unified Trust Wealth Preservation Strategy Target Growth Fund, the Unified Trust Wealth Preservation Strategy Target Moderate Fund, and/or the Unified Trust Wealth Preservation Strategy Target Conservative Fund, during the period from January 13, 2016, through the date of this Order, but excluding Defendants Milliman, Inc. ("Milliman"), The Milliman Investment Committee, the Milliman, Inc. U.S. Retirement Committee (collectively, "the Milliman Defendants"), and any of their directors or members, and any officers or employees of the Milliman Defendants with responsibility for the Plan's investment or administrative function.

Order at 9–10 (docket no. 106). The Court directed the parties to meet-and-confer and inform the Court whether notice should be directed to the Class. *Id.* at 10. In a Joint

MINUTE ORDER - 1

Status Report, docket no. 112, the parties informed the Court that, because FRCP 23(c)(2)(A) makes providing notice to FRCP 23(b)(1) classes discretionary, they believed no notice needed to be provided to the Class.

After an eight-day bench trial, *see* docket nos. 185–92, the Court found that Plaintiff failed to establish her claims against Defendant Milliman, Inc., *see generally* Order (docket no. 194). Because Class members might be bound by a judgment adverse to their interests despite never receiving notice of this case, the Court deferred entering judgment and directed the parties to meet-and-confer and provide the Court with a joint status report on whether the Class should be decertified. *Id.* at 64. The parties' Joint Status Report, docket no. 195, merely referred back to the Court's Order without providing any analysis of the question posed to the parties.

In light of the due process concerns arising from extinguishing Class members' claims without ever providing them notice, *cf. Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 811–12 & n.3 (1985); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362–63 (2011), the parties are ORDERED TO SHOW CAUSE no later than July 19, 2024, why the Class should not be decertified prior to the entry of final judgment. The parties are further ORDERED to address whether Class members would be bound by any judgment if the Court does not decertify the Class.

(2)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of July, 2024.

                                  Ravi Subramanian
                                  Clerk

                                  s/Laurie Cuaresma
                                  Deputy Clerk